## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY CANNON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-1046** |
| v. | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **MICHAEL D. KOPOTOSKI, ET AL.** | : | |
| **Defendants** | : | |

## **REPORT AND RECOMMENDATION**[1]

Several motions are pending in the instant action;[2] however, the court recommends that the action be dismissed because the plaintiff has repeatedly failed to comply with the court's orders. Most recently, the plaintiff failed to adequately respond to an order to show cause why the action should not be dismissed, (Doc. No. 46), and an order, (Doc. No. 55), directing the plaintiff to file an amended complaint which contained explicit warnings that failure to

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Currently pending before the court are the defendants' motion to dismiss (Doc. No. 29); Defendant Jesse's two motions to dismiss (Doc. No. 37; Doc. No. 53); the plaintiff's "Motion for Extension of time of Thirty Days to Amend Complaint" (Doc. No. 47); and, the plaintiff's second motion for appointment of counsel (Doc. No. 50).

comply would result in the court recommending dismissal. As such, the court recommends that the plaintiff's complaint, (Doc. No. 1), and amended complaint, (Doc. No. 26), be **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 83.3.1.

## I. BACKGROUND

On June 1, 2011, the plaintiff, an inmate at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), filed the instant action pursuant to 42 U.S.C. §1983. (Doc. No. 1). The plaintiff alleges that members of the SCI-Dallas staff violated his confidentiality regarding his diagnosis with HIV; retaliated against him for filing a grievance by withholding medical care; and, failed to protect him from a stabbing incident. (Doc. No. 1).

The plaintiff, proceeding *pro se*, was provided a standing practice order on June 1, 2011. (Doc. No. 5). On July 28, 2011, the court construed a response from the plaintiff as a motion for appointment of counsel (Doc. No. 17) and denied the motion on August, 4, 2011. (Doc. No. 18). On August 17, 2011, the plaintiff moved to amend his complaint. (Doc. No. 21). The motion to amend was granted on August 25, 2011; however, the amended complaint was subject to certain conditions outlined in the order. (Doc. No. 24). Specifically, because the plaintiff wished to add additional claims and

2

additional defendants, the court advised the plaintiff of Local Rule 15.1 and directed him to file a single complaint raising all of his claims with sufficient particularity and without reference to the prior complaint. (Doc. No. 24). In addition, the order required that plaintiff file his amended complaint by September 15, 2011 or risk dismissal of the action. (Doc. No. 24). On August 26, 2011, the plaintiff filed a "Memorandum of Law" alleging that he had been denied vision care in violation of the Eighth Amendment. (Doc. No. 25). On September 6, 2011, the plaintiff filed an amended complaint. (Doc. No. 26). The amended complaint, however, only contained allegations related to a second, not previously mentioned, stabbing incident. (Doc. No. 26). The defendants filed motions to dismiss (Doc. No. 29; Doc. No. 37) which are pending before the court.

On October 31, 2011 the court entered an order acknowledging that the plaintiff's amended complaint had failed to follow the court's instructions and directing the plaintiff to file another amended complaint by November 14, 2011. (Doc. No. 39). The court again outlined the proper content and form for the amended complaint and warned the plaintiff that failure to comply would result in a recommendation of dismissal. (Doc. No. 39). The plaintiff requested information regarding the status of the case on November 4, 2011, (Doc. No.

42), and February 6, 2012, (Doc. No. 44). Nevertheless, the plaintiff did not file another amended complaint.

On March 1, 2012, the court entered an order directing the plaintiff to show cause by March 16, 2012 why his complaint should not be dismissed for failure to follow the court's instructions. (Doc. No. 46). On March 19, 2012, the plaintiff filed a "Motion to Show Cause for Non Compliance of This Court Order." (Doc. No. 47). The motion recounted the procedural history of the case and identified the plaintiff's difficulty in understanding the court's instructions as the reason for his non-compliance. (Doc. No. 47). In addition, the motion requested additional time to file an amended complaint. Defendant Cheryl Bunk filed a brief in opposition to the plaintiff's motion, which presents a claim of failure to prosecute against the plaintiff. (Doc. No. 48).

On July 20, 2012, the court entered another order directing the plaintiff to file an amended complaint. (Doc. No. 55). The order acknowledged the plaintiff's past failures to comply and notified the plaintiff that he "[would] be afforded a final opportunity to file an amended complaint." (Id.). The order further notified the plaintiff that the instructions he had been given, which were again attached to the order, were designed for use by *pro se* plaintiffs and should be adequate to aid him in properly filing documents. (Id.).

Nevertheless, the court also further explained the basic pleading standards his amended complaint would need to meet. (Id.). Finally, the order expressly warned the plaintiff that if he failed to filed a proper amended complaint, that "the court will recommend that the case be dismissed without an analysis of the merits of the case." (Id.).

On July 1, 2012, the plaintiff filed a short letter to the court acknowledging that he was disobeying the courts order and again claiming that he did not know what to do. (Doc. No. 56). The plaintiff reiterated that he had not drafted his initial complaint and that he was unable to procure assistance from other inmates. (Id.).

## II.   DISCUSSION

A district court is authorized to dismiss a complaint for the plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Though Defendant Bunk's brief in opposition, (Doc. No. 48), raised arguments as to why the plaintiff's complaint should be dismissed for failure to prosecute, none of the defendants has moved for dismissal pursuant to Rule 41(b). Nevertheless, the Third Circuit has long held that Rule 41(b) does

not prohibit the *sua sponte* dismissal of actions. *See Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967); *see also Binsack v. Lackawanna County Dist. Attorney's Office*, 2011 WL 5840314 (M.D.Pa. Nov. 21, 2011). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Kenney*, 381 F.2d at 777 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). In determining whether to dismiss an action for failure to prosecute, the court must balance the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1994). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868; *see also Binsack*, 2011 WL 5840314 at *1.

The first factor weighs in favor of dismissal as the plaintiff is personally responsible for his non-compliance. The plaintiff states that he continues to be confused by the court's instructions and does not know how to file the necessary documents. (Doc. No. 48). The court, however, has provided the plaintiff the same standing practice order given to all parties, special instructions designed for pro se plaintiffs and included additional plain language instructions in its final order.

The second factor does not weigh in favor of dismissal as the defendants have not been prejudiced beyond the delays in the court proceedings.

The third factor weighs heavily in favor of dismissal because the history of dilatoriness is extensive. The plaintiff failed to comply with three orders regarding the filing of a proper amended complaint. (Doc. No. 24; Doc. No. 39; Doc. No. 55). In addition, the plaintiff's response to the order to show cause was filed late and failed to offer a viable explanation of his failure to comply. (Doc. No. 47). Despite all of this, the plaintiff was afforded a final opportunity to file a sufficient amended complaint, but only submitted a brief message reiterating his now-familiar obstacles to compliance. (Doc. No. 55; Doc. No. 56).

7

The fourth factor does not weigh in favor of dismissal because there is no evidence of bad faith on the part of the plaintiff.

The fifth factor weighs in favor of dismissal because court has exhausted other possible sanctions. The plaintiff did not meet the criteria for the appointment of counsel, (Doc. No. 18), and decided to proceed *pro se*. Acting *pro se*, the plaintiff has been afforded leniency in the review of his filings; however, the plaintiff has continually failed to meet basic pleading requirements and specific orders of the court. Even after failing to respond to an order to show cause, the court afforded the plaintiff an additional opportunity to file a comprehensive complaint to which the defendants could respond but the plaintiff failed to do so.

The sixth factor also weighs in favor of dismissal as the action. The plaintiff's allegations are akin to medical malpractice claims, which do not rise to the level of constitutional violations. *See [Montgomery v. Pinchak, 294 F,3d 492, 500 (3d Cir.2002)](#)*. The plaintiff's failure to protect claim related to the stabbing incidents fails to establish that any of the defendants knew of and disregarded substantial risks to the plaintiffs health and safety. *See [Robinson v. Johnson, 449 Fed.Appx. 205, 208 (3d Cir.2011)](#)*.

The court, therefore finds that the *Poulis* factors weigh in favor of

dismissal. In addition, the court notes that it cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) The plaintiff's complaint, (Doc. No. 1), and amended complaint, (Doc. No. 26), be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and Local Rule 83.3.1;

(2) The Clerk **TERMINATE** all other pending motions.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: August 6, 2012**
O:\shared\REPORTS\2011 Reports\11-1046-01.wpd